BAGBY, GOVERNOR, USE, &c. v. McRAE.

1. The bond required of clerks by the act of 1812, Aik. Dig. 82, is now applicable only to clerks of the County Courts ; and the bond required by the act of 1819, to clerks of the Circuit Court.
2. The conditions of the bond required by these laws are substantially the same.
3. The condition of a bond of a clerk of a Circuit Court, "that he will duly and faithfully execute his said office according to law, and that he will not remove or suffer to be removed out of the County of Mobile, the records and papers of the Court whereof he is clerk, or any part thereof," is, in substance, the condition of the bond required by the act of 1819.
4. The official bond of a clerk of the Circuit Court, cannot be put in suit in the name of the Governor. for the use of the person aggrieved ; but must be sued in his name, on the assignment of the Governor.
5. Such assignment is a mere authority to sue, and does not convey the legal title and therefore the bond may be assigned again, and until the whole penalty is recovered.

Error to the County Court of Mobile County.

THIS was an action of debt in the Court below, brought by the plaintiff in error, for the use of John T. Adams against Malcolm J. McRae, on his official bond as clerk of the Circuit Court of Mobile County.

The declaration assigned as a breach of the condition of the bond, that the defendant had taken insufficient sureties to an injunction bond. The defendant craved oyer of the bond, and condition, and demurred to the declaration. The bond and condition is thus set out an oyer.

*State of Alabama—Mobile County.*

Know all men by these presents, that we, Malcolm J. McRae, Henry Bass, Isaiah D. Fuller, John B. Hogan and Charles Cullum, are held and firmly bound unto Hugh McVay, acting Governor of the State of Alabama, and his successors in office, in the just and full sum of ten thousand dollars, to which payment, well and truly to be made, we bind ourselves and each of our heirs, executors and administrators, jointly and severally, firmly by these presents, sealed with our seals, &c. The condition of the above obligation is such, that where-

as Malcolm J. McRae has been duly elected clerk of the Circuit Court of Mobile County. Now, if the said Malcolm J. McRae shall duly and faithfully execute his said office according to law, and shall not remove, or suffer to be removed out of the County of Mobile aforesaid, the records and papers of the Court whereof he is clerk, or any part thereof, except in cases allowed by law, then the above obligation to be void, else to remain in full force and virtue. Signed, &c.

Which demurrer was sustained by the Court, and judgment rendered for the defendant. From this judgment, the plaintiff prosecutes this writ of error, and now assigns for error, the judgment of the Court sustaining the demurrer.

STEWART, contended that the action was well brought in the name of the Governor, that the statutory remedy was cumulative merely, as there were no words of restriction, and cited, 1 Call. 243 ; Devereux 383 ; 3 ibid. 86.

That the bond was good and might be treated as a bond at common law. [2 Stewart 509 ; 2 Porter 493.]

PECK & CLARKE, contra.

ORMOND, J.—The decision of the question must depend on the construction of the statutes to be found in Aik. Dig. 82.

The first act passed in 1812, is to the following effect : " Every clerk shall, at the time of his admission and qualification, enter into bond with security, to be approved of by the Court in the penalty of five thousand dollars, payable to the Governor and his successors in office, with condition for the due and faithful execution of his office, and that he will not remove or suffer to be removed out of the County, the records and papers of the Court whereof, he is clerk, or any part thereof, except in cases allowed by law; which bond shall be recorded and then delivered to the presiding Judge of the Court, and be by him transmitted to the Secretary's office within three months after it is so executed, there to be registered and safely kept among the papers of his office; and may be prosecuted upon and the penalty thereof recovered against any such clerk, for any malfeasance in office; and any clerk presuming to execute his office without first entering into such bond, shall forfeit and pay one thousand dollars and suffer three months imprison-

ment. A copy of such bond shall be good in evidence, and have the same validity, as the original, if it were present in Court."

The other statute passed in 1819, is as follows: "The clerks of the several Circuit Courts shall give bond with secu-rity, payable to the Governor and his successors in office, in the penalty of ten thousand dollars, for the safe keeping of the records and the faithful discharge of the duties of their offices, which bond shall be lodged in the office of the Secretary of State, and may be put in suit, on the assignment of the Governor by the party or parties injured in his or their own name, and shall not become void on the first recovery, but may from time to time be put in suit, by action of debt until the whole penalty be recovered; and if it shall be discovered that any of the said clerks shall have violated the oath prescribed by the Con-stitution, or willingly or corruptly have done any thing contra-ry to the true intent and meaning of the same, such clerk shall be deemed, upon conviction, guilty of misbehaviour in office, and shall be removed therefrom, and shall forever be incapa-ble of holding any office civil or military in the State."

The act of 1812, applied both to the clerks of the Circuit and County Courts, until the passage of the act of 1819, since which time, the latter act relates to the clerks of the Circuit Courts, and the first act applies alone to clerks of the County Courts. The penalty of the bond required by these acts, to be given by the clerks of the County and Circuit Courts is differ-ent, as is also, the consequence which, by law, follows a breach of the condition of the respective bonds, for misbehaviour in office; but we are unable to perceive any substantial differ-ence between the conditions of the two bonds required by the statutes cited, to be executed by clerks of the County and Circuit Courts respectively; although there is a slight altera-tion of the language first employed in the act last cited, we can perceive, no difference in the legal effect.

Neither do we perceive any difference between the legal effect of the condition of the bond in this case, and that re-quired by the act of 1819; and although it is always the safest course to employ the language of a statute in reciting the con-dition of a statutory bond, yet any language of equivalent im-

port, and having the same legal effect will be a compliance with the statute. The condition recited in the statute, is " for the safe keeping of the records, and the faithful discharge of the duties of the office." The language employed in the condition of this bond, is " that he will duly and faithfully execute his said office according to law," which is certainly the same thing as *the faithful discharge of the duties of his office ;* " and that he will not remove or suffer to be removed out of the County of Mobile aforesaid, the records and papers of the Court whereof he is clerk, or any part thereof," which is a new paraphrase of the language of the act, *safe keeping of the records.*

The condition of the bond being as we have seen, a substantial compliance with the statute the remaining question is, whether the suit is properly brought in the name of the Governor, for the use of the person aggrieved, or whether the suit should not have been in his name, on the assignment of the bond by the Governor. No reason has occurred to us, which would justify a departure from the plain and positive directions of the statute, that the bond may be put in suit on the assignment of the Governor by the party injured in his own name. The argument, that the Governor may refuse his assignment of the bond cannot avail ; we must presume that an officer of the State upon whom, by law an official duty is devolved, will obey its mandate. Nor is there any force in the objection, that if once assigned, it could not afterwards be assigned to another. The statute is express, that "it shall not become void on the first recovery, but may, from time to time be put in suit by action of debt, until the whole penalty be recovered." The assignment therefore, under the statute was not intended to transfer the legal title to the bond, but is merely an authority to put the bond in suit for the benefit of the party aggrieved, and which may therefore, be repeated as often as there is necessity for it, until the penalty is exhausted.

We have been referred to an authority from North Carolina, said to be reported in the 2 vol. of Dev. Rep. 383, which it is said, is expressly in point and in favor of the plaintiff in error, whilst a decision expressly adverse, is said to have been made by the Supreme Court of Tennessee; but we have not had the

benefit of these reasoning of their Courts, to see on what principle the decision is based, and considered as mere authority, they neutralize each other, and can exert no influence.

Whatever may have been the facts in the cases referred to, in this case we consider the direction of the statute plain and clear—free from any ambiguty or doubt. It is a benefit confered to be enjoyed in a mode distinctly and plainly marked out; and therefore, without speculating upon the consequences, or entering upon the consideration of the question, whether the mode adopted in this case, is not as good as the one pointed out in the statute, we are of opinion, that the directions of the statute must be pursued to obtain a recovery on this bond, as a statutory bond.

The judgment of the Court below is, therefore affirmed.